MEMORANDUM *
A.G. and his parents contend that the Placentia-Yorba Linda School District denied him a free appropriate public education (“FAPE”) under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. § 1400 et seq., by failing to include his current special education provider at his May 14, 2004, individual education program (“IEP”) team meeting. At the time of the meeting, the IDEA required an IEP team to include “at least one special education teacher, or where appropriate, at least one special education provider of such child.” 20 U.S.C. § 1414(d)(l)(B)(iii) (effective July 1, 1998 to June 30, 2005). A.G. argues that by requiring the presence of at least one special education teacher or provider “of such child,” Congress intended to require the presence of the student’s current teacher or provider.
This interpretation of the statute is squarely foreclosed by our recent decision in R.B. v. Napa Valley Unified School District (“Napa Valley”), 496 F.3d 932 (9th Cir.2007), which specifically “interpret[ed] this provision not to require the participation of the child’s current special education teacher.” Id. at 940 (emphasis added). Under Napa Valley, an IEP team meeting is procedurally valid so long as it includes a special education teacher or provider “who has actually taught the student.” Id.
In this ease, it is undisputed that the May 14, 2004, IEP team meeting included Susie Worth, an adaptive physical education teacher who had taught A.G. in a District program in 2001. Worth was also familiar with A.G.’s situation in 2004, as she had recently visited his school to evaluate his educational needs. Given A.G.’s disabilities, adaptive physical education was one of the most significant components of A.G.’s IEP. Worth’s presence at the meeting thus satisfied the “actually taught” standard established in Napa Valley.
We agree with appellants that Napa Valley’s willingness to excuse the absence of a student’s current special education provider is difficult to square with the IDEA’S emphasis on a student’s “present levels of educational performance” and at *521 tainment of “annual goals.” 20 U.S.C. § 1414(d)(1)(A). As a three-judge panel, however, we are bound by Napa Valley. The district court’s order is therefore AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.